IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL F. COOLBAUGH, :
:
   Plaintiff, :
: **CIVIL ACTION NO. 3:04-2205**
vs. :
: (JUDGE NEALON)
JO ANNE B. BARNHART, : (MAGISTRATE JUDGE SMYSER)
Commissioner of Social Security, :
:
   Defendant :

## MEMORANDUM and ORDER

This is a Social Security/Disability matter which comes before the Court on the Plaintiff's appeal from the denial of disability insurance benefits and supplemental security income by the Defendant, Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The matter was referred to United States Magistrate Judge J. Andrew Smyser for initial consideration. On April 22, 2005, the Magistrate Judge filed a Report and Recommendation in which he recommended that the Plaintiff's appeal be denied. (Doc. 17). The Plaintiff filed Objections to the Report and Recommendation on May 6, 2005 to which the Government filed a reply on May 18, 2005. (Docs. 18, 19). The matter is ripe for disposition and, for the reasons that follow, the Report and Recommendation will be adopted and the appeal will be denied.

**I. Standard of Review**

Pursuant to the Federal Magistrates Act, when objections to a report and recommendation have been filed, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(C).  This matter will be reviewed de novo to those portions of the Report and Recommendation to which objections were filed.

**II. Procedural Background**

The Plaintiff, Michale F. Coolbaugh, filed an application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on March 24, 2003, alleging an inability to work as of October 15, 2002, due to chronic back pain as a result of degenerative disc disease.  (R. 12).  His request for benefits was denied at the initial level and on reconsideration.  After filing a request for a hearing before an Administrative Law Judge ("ALJ"), a hearing was held on March 31, 2004, which resulted in a decision on July 9, 2004, unfavorable to the Plaintiff.  (*Id.*).  The Plaintiff then requested review by the Appeals Council which, by Notice of Action dated September 10, 2004, declined review of that decision, making the decision of the ALJ the final decision of the Commissioner of Social

Security. (R. 4-6).[1]  This appeal followed on October 6, 2004. (Doc. 1).

On February 28, 2005, the Plaintiff filed a brief in support of his appeal wherein he argued that the ALJ erred in accepting a consultive examiner's outdated report instead of the timely opinions of Plaintiff's treating physicians.  Plaintiff also asserted that the ALJ failed to properly address Plaintiff's testimony regarding his daily activities and his work history.  Finally, Plaintiff contended that the ALJ failed to consider the combination of impairments Plaintiff suffers in posing hypothetical questions to the Vocational Expert ("VE").  (Doc. 15).  The Government filed an opposing brief on March 29, 2005.  (Doc. 16).  The Magistrate Judge issued a Report and Recommendation on April 22, 2005, recommending that the appeal be denied.  (Doc. 17).  Timely objections, and a response thereto, followed.  (Docs. 18, 19).

### III. Disability Determination Process

The Social Security Regulations establish a five-step evaluation process which is used to determine if a person is entitled to disability benefits.  *See* 20 C.F.R. § 404.1520.  If at any step in the process the Commissioner finds that a Plaintiff is disabled or not disabled, review does not proceed any further.  20 C.F.R. §§ 404.1520, 416.920.  The steps in the process are as follows: 1) Is the individual engaging in substantial gainful activity? 2) Does the individual have a severe impairment? 3) Does the individual have an impairment which

---

[1] The decision itself appears undated in the record, however, the court takes note of Plaintiff's representation that the decision of the Appeals Council occurred on September 10, 2004.

meets or equals the listing of impairments as set forth in 20 C.F.R. part 404, subpart P, *appendix* 1? 4) Does the individual retain the residual functional capacity to engage in his/her past relevant work? and 5) If an individual does not have the capacity to engage in his/her past work, does s/he retain the capacity to perform jobs which exist in significant numbers in the national economy?  *See* Social Security Ruling 86-8; 20 C.F.R. §404.1520.

The disability determination involves shifting burdens of proof. The initial burden rests with the claimant to demonstrate that he or she is unable to engage in his or her past relevant work. If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform.  *Mason v. Shalala,*  993 F.2d 1058, 1064 (3d Cir.1993).

In the present case, the ALJ denied the Plaintiff benefits at step 5 of the sequential disability evaluation process when he concluded, based on Plaintiff's age, education, residual functional capacity ("RFC") and work history, that there exist in significant numbers jobs in the national economy Plaintiff is capable of performing.  (R. 16).  Consequently, the ALJ determined that Plaintiff was not disabled.

## IV.  Discussion

The role of this court in reviewing a decision by the Commissioner of Social Security to deny disability benefits is to "determine whether there is substantial evidence to support the Commissioner's decision." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004)(*citing Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir.1999)).  "Substantial evidence means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.... It is less than a preponderance of the evidence but more than a mere scintilla." *Id*. (internal quotations and citations omitted).  In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 620 (1966)(cited in *Richardson v. Perales*, *supra*). "Substantial evidence had been ... defined as 'enough [evidence] to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.' *NLRB v. Columbian Enameling & stamping Co.*, 306 U.S. 292, 300 (1939)," *Olsen v. Schweiker*, 703 F.2d 751, 753 (3rd Cir. 1983).  Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart, supra,* 364 F.3d at 503.

In the Report and Recommendation, the Magistrate Judge found that Plaintiff failed to demonstrate that the ALJ adopted a diagnosis that conflicted with the diagnoses of treating physicians Dr. Paz, Dr. Wolfson and Dr. Wilder.  In addition, although Plaintiff asserted that, because he could perform household activities, the ALJ found that he was not disabled, the Report and Recommendation ascertained that this was not the sole basis for the disability determination but merely one of several factors that were considered.  Further, Magistrate Judge Smyser concluded that the ALJ properly evaluated Plaintiff's credibility regarding his

work history and the jobs available for one in his condition in light of the medical evidence of record, and that his knowledge of employment opportunities may not be as extensive as that of the Vocational Expert.  Finally, as to Plaintiff's argument that the ALJ failed to present all his limitations, specifically his sleeping difficulties and emotional disturbance, in the hypothetical questions posed to the Vocational Expert, the Report and Recommendation stated that those impairments were not supported by the objective medical evidence of record and thus are not required to be addressed in a hypothetical question posed to a Vocational Expert.  Moreover, nothing in the record indicated that these problems impaired his ability to engage in substantial gainful activity.  In reaching these conclusions, Magistrate Judge Smyser determined that there was substantial evidence to support the ALJ's conclusion that Plaintiff was capable of performing sedentary work with a sit/stand option.

The Plaintiff presents the following grounds as objections to the Report and Recommendation:

> 1. The Report and Recommendation was in error in failing to find that the ALJ's decision was contrary to the opinions of the treating physicians inasmuch as the ALJ failed to give special significance to the timely opinions of Plaintiff's treating physicians instead of consultive examiner's outdated report.
>
> 2. The Report and Recommendation erroneously concluded that the Plaintiff failed to demonstrate that the ALJ improperly considered the Plaintiff's daily household activities.
>
> 3. The Report and Recommendation erred in finding that the ALJ did not consider the Plaintiff's work history related to his lack of knowledge of jobs available in the local economy instead of addressing Plaintiff's credibility.

    4. The Magistrate Judge erred in finding that the hypothetical questions posed to the Vocational Expert, that Plaintiff was able to perform sedentary work with a sit/stand option, reflected all of Plaintiff's impairments.

(Doc. 18). It must be noted that these arguments are identical to those raised in Plaintiff's brief in support of his appeal before the Magistrate Judge.  A comparison of the two briefs submitted by Plaintiff reveals that numerous pages of arguments have been copied verbatim from his appeal brief into his brief in support of his objections to the Report and Recommendation. *See Buck v. Barnhart*, M.D.Pa. No. 4:01-CV-1798 (Muir, J.).  His "objections," therefore, are nothing more that mere restatements of the arguments originally presented in his appeal brief. *Id.*  In a eleven (11) page report, the Magistrate Judge thoroughly examined these issues presented by Plaintiff in both his appeal brief and his objections.  For the reasons set forth in the Report and Recommendation, none of the arguments initially raised in his brief on appeal and now reiterated in his objections to the Report and Recommendation have merit and, moreover, there is substantial evidence in the record to support the decision of the ALJ.  Finding no error in Magistrate Judge Smyser's Report and Recommendation, the same will be adopted by the court.

**V. Conclusion**

    Based on the foregoing, the appeal will be denied.  An appropriate Order follows.

Date: May 26, 2005                                               s/ William J. Nealon
                                                                         United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL F. COOLBAUGH, :
    Plaintiff, :
: **CIVIL ACTION NO. 3:04-2205**
vs. :
: (JUDGE NEALON)
JO ANNE B. BARNHART, : (MAGISTRATE JUDGE SMYSER)
Commissioner of Social Security, :
    Defendant. :

**ORDER**

**AND NOW**, this 26th day of MAY, 2005, consistent with the accompanying Memorandum of this date, **IT IS HEREBY ORDERED THAT**:

(1) The Magistrate Judge's Report and Recommendation (Doc. 17) is **ADOPTED**.

(2) The Plaintiff's appeal is **DENIED**.

(3) The Clerk of Court is directed to close this case.

                                                s/ William J. Nealon
                                                United States District Judge